UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JOHN ROLLINS, JR. | ) | |
| | ) | |
| v. | ) | 1:07-cv-300/1:01-cr-232 |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

John Rollins, Jr. ("Rollins") has filed a *pro se* motion for post conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File No. 20) and a supporting memorandum (Crim. Court File No. 21). After entering a guilty plea on August 8, 2002, Rollins received a 132-month sentence on October 18, 2002. Rollins did not pursue a direct appeal.

A review of the § 2255 motion reflects that it is untimely. Rollins asserts, however, his motion is timely on the basis of 28 U.S.C. § 2255 (f)(3) which permits the one-year statute of limitations to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Rollins contends that based on the holding in *Lopez v. Gonzales*, 549 U.S. 47, 127 S. Ct. 625, 166 L.E.2d 462 (2006), his three convictions for possession of drugs were improperly included when his criminal history points were calculated because that conduct was never a crime under the Tennessee Drug Trafficking Statute or the Federal Controlled Substance Act ("CSA"). Rollins' argument is flawed because the Supreme Court case upon which he relies, simply does not apply to Rollins' case.[1]

---

[1] This conclusion makes it unnecessary to address Rollins' contention that *Lopez v. Gonzales* applies retroactively.

The issue in *Lopez* was "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a felony punishable under the Controlled Substances Act." *Id.* at 627. The Supreme Court concluded that those state felonies classified as misdemeanors under the CSA do not qualify as felonies under the portion of the Immigration and Nationality Act ("INA") requiring deportation of any alien who has been convicted of an aggravated felony. *Id.* at 633.

Rollins asserts that, based on the holding in *Lopez*, his prior drug convictions were improperly used to calculate his criminal history points because they were not crimes under the Tennessee Drug Trafficking Statute or the Federal CSA. Rollins reliance on *Lopez* to argue his § 2255 motion is timely, is misplaced as that case dealt with the INA and whether a crime is properly classified as an aggravated felony under the Federal CSA. Rollins' claim, however, involves neither the INA nor the classification of crimes under the CSA. Rather, Rollins' claim involves the calculation of his criminal history points under the United States Sentencing Guidelines ("U.S.S.G."). Rollins' criminal history calculation under § 4A1.1 was based on the sentences he received for his prior drug convictions, not on the classification of each offense under the CSA.[2] Therefore, *Lopez* is not applicable in this situation and offers Rollins no relief as he is not an alien and he has not shown how a ruling concerning immigration law and the classification of offenses under the CSA applies to the calculation of his criminal history points. Consequently, because the *Lopez* decision has no effect on his case, 28 U.S.C. § 2255 (f)(3) is not applicable in Rollins' case and his § 2255 motion is time-barred.

---

[2] When determining a defendant's criminal history category, U.S.S.G. § 4A1.1(a) provides for the addition of three points for each prior sentence of imprisonment exceeding one year and one month and § 4A1.1(b) of the Guidelines provides for the addition of two points for each prior sentence of imprisonment of at least sixty days that was not counted in § 4A1.1(a).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Rollins was sentenced to a term of imprisonment for 132 months on October 18, 2002. Rollins did not pursue a direct appeal. Rollins' judgment was entered on October 25, 2002, and he had ten (10) days, until November 8, 2002, to file a notice of appeal.[3] When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on November 9, 2002.

Rollins had one year from the time his judgment of conviction became final to file his § 2255 motion. November 8, 2002, was the date Rollins' right to file an appeal expired and November 9, 2002 was the date the statute of limitations began to run. Thus, Rollins was required to file his § 2255 motion no later than November 10, 2003.[4] A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988). Although the motion does not reveal when Rollins gave it to the prison authorities for mailing, the motion does reveal he signed it on November 30, 2007. Giving Rollins the benefit of the doubt, the Court construes the motion as filed on that date. November 30, 2007, however, is more than four years after the expiration of the one-year statute of limitation for filing his § 2255 motion. Consequently, Rollins' § 2255 motion is time-barred by the

---

[3] The day the judgment was entered and the intermediate Saturdays and Sundays were excluded from the calculation pursuant to Rule 45 of the Federal Rules of Criminal Procedure.

[4] Since November 8, 2003, the actual date the one year limitations period expired, fell on a Saturday, Rollins had until Monday, November 10, 2003, to file a motion under 28 U.S.C.§ 2255.

statute of limitations and will be **DENIED** (Court File No. 20).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**